IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**LINDSEY JAY STUDER,**

        Plaintiff,

v.                                                        **Civil Action No. 5:24-CV-217**
                                                                     Judge Bailey

**TJ KNOTTS, ELKINS WEST VIRGINIA
SHERRIFFS** (sic) **DEPARTMENT,
RANDOLPH COUNTY, CITY ELKINS
WEST VIRGINIA,** and **STATE OF
WEST VIRGINIA,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On November 21, 2024, the plaintiff, a pre-trial detainee facing federal charges,[1] filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

Plaintiff raises two claims for relief. First, he alleges he was arrested on July 19,

---

[1] The undersigned notes that although plaintiff is currently housed at a state facility and is suing state defendants, he is currently facing charges in this Court in front of Judge Kleeh in Criminal Action Number 2:24-CR-29.

1

2023, for possession with intent; he alleges that although he had no drugs on him, he was arrested for drugs held by another person. Construing the *pro se* allegations liberally, plaintiff appears to be asserting that his arrest was unlawful. In Claim Two, plaintiff states he is currently incarcerated for being wrongfully charged with a crime. For relief, he asks that this Court pardon him of his criminal charges and that he be paid damages.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See* **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See* **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

---

[1] *Id*. at 327.

## IV. Discussion

Based on a preliminary review of the Complaint, the undersigned finds that dismissal of plaintiff's claims is mandated by **Preiser v. Rodriguez**, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.  In the instant case, plaintiff's request for relief is for dismissal of the charges against him and compensation for his arrest and imprisonment; such relief clearly amounts to a request for habeas corpus relief.  If plaintiff wishes to litigate these matters, he must do so in his ongoing criminal proceedings.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the Complaint be **DISMISSED** without prejudice and that the Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**, and the fee waived.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** January 13, 2025.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE