IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**LINDSEY JAY STUDER,**

   Plaintiff,

v.               CIV. ACT. NO. 5:24-CV-217
                  Judge Bailey

**TJ KNOTTS, ELKINS WEST VIRGINIA** [sic]
**SHERIFFS** [sic] **DEPARTMENT,**
**RANDOLPH COUNTY, CITY ELKINS** [sic]
**WEST VIRGINIA,** and **STATE OF**
**WEST VIRGINIA,**

   Defendants.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 12]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 13, 2025, wherein he recommends that the Complaint [Doc. 1] be dismissed without prejudice, the Motion for Leave to Proceed *in forma pauperis* [Doc. 2] be denied as moot, and the fee waived. [Doc. 12 at 3]. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND/PROCEDURAL HISTORY[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

---

[1] This Court fully adopts and incorporates herein the sections of the R&R titled "Background" and "The Complaint." *See* [Doc. 12 at 1–2].

review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his Objections to the Report and Recommendation [Doc. 14] ("plaintiff's Objections") on January 27, 2025. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. <u>DISCUSSION</u>

In the R&R, Magistrate Judge Mazzone opined that plaintiff's Complaint should be dismissed without prejudice. [Doc. 12 at 3]. Specifically, Magistrate Judge Mazzone writes that plaintiff's Complaint alleges his July 19, 2023 arrest was unlawful, and he desires to be pardoned of his criminal charges. [Id. at 1–2]. Due to the nature of plaintiff's Complaint, Magistrate Judge Mazzone rules that dismissal of the Complaint is mandated by ***Preiser v. Rodriguez***, 411 U.S. 475 (1973), as the Complaint "amounts to a request for habeas corpus relief." [Id. at 3].

Plaintiff objects to the R&R on the basis that "[he] was violated under [his] constitutional rights and due rights process [sic]." [Doc. 14 at 1]. Plaintiff then gives a summary of why he believes he was arrested. [Id.]. Plaintiff goes on to state he desires to file for habeas corpus relief, and requests he be provided the proper papers. [Id.].

As is evident, plaintiff's Objections do not identify any specific error contained within the R&R as constituting the basis of the Objections. "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." ***Green v. Rubenstein***, 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (citing ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." ***Williams v. New York State Div. of Parole***, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* ***Mario***

*v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." *Mario*, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 12]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's Objections **[Doc. 14]** are **OVERRULED**. Plaintiff's Complaint **[Doc. 1]** is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion for Leave to Proceed *in forma pauperis* **[Doc. 2]** is **DENIED AS MOOT**, and the fee is hereby waived.

This Court **DIRECTS** the Clerk to provide plaintiff with the Northern District of West Virginia's State Habeas Corpus form package. This Court **FURTHER DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff at his last-known address as reflected on the docket.

**DATED**: January 28, 2025.

                                                JOHN PRESTON BAILEY
                                                UNITED STATES DISTRICT JUDGE